UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | |
| ) | Bankruptcy Case |
| STEVEN CHARLES SUGG, and ) | No. 14-60916-fra13 |
| KRISTIN C. SUGG, ) | |
| ) | |
| Debtors. ) | MEMORANDUM OPINION |

The chapter 13 Trustee has objected to confirmation and moved to dismiss the bankruptcy case of the Debtors on the grounds that their combined unsecured debts exceed the upper limit allowed for chapter 13 eligibility under 11 U.S.C. § 109(e).[1]  For the reasons that follow, the Trustee's motion to dismiss will be denied.

## FACTS

The Debtors are the majority owners and operators of Meritel Group, Inc. ("Meritel"), a Nevada corporation registered to do business in Oregon, with its principal place of business in Aumsville, OR. Meritel was incorporated in 2001 by the Debtors and operates a telecommunications business, providing internet access and digital voice services.  In 2002, Warren King ("King") agreed to purchase 49% of the corporate stock for the amount of $213,500.

---

[1] Unless otherwise specified, all statutory references herein are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

MEMORANDUM OPINION-1

A. The Lawsuit in State Court:

On April 23, 2013, King filed a lawsuit against Meritel and the Debtors in Marion County Circuit Court, seeking a money judgment in the total amount of $1,867,962.67. The complaint alleges that in 2003 King and the Debtors agreed that King would lend Meritel money to help pay for operations and that the loan, referred to as "line of credit money," would be repaid when Meritel had the funds to do so. King thereafter made a series of advances to Meritel between 2003 and 2005 totaling $352,000. The complaint further alleges that between October 1, 2002 and March 1, 2012, King worked as a full time engineer for Meritel without compensation, while at the same time the Debtors received over $700,000 in salary, benefits, and perks. The complaint includes the following four claims:

1) Against Meritel - Breach of Contract in the amount of $352,000 plus accrued interest of $285,967.67. The claim is based on allegations in the complaint that in 2007 Steven Sugg unilaterally converted King's loan to Meritel to equity, without King's knowledge or consent.

2) Against Meritel - Unjust enrichment in the amount of $352,000, as an alternative to claim #1.

3) Against Meritel - Unjust enrichment in the amount of $565,000 as compensation for services provided by King to Meritel, at $5,000 per month.

4) Against the Suggs - Breach of fiduciary duty in the amount of $1,017,000, or such other amount as may be proven at trial. The complaint alleges that the Debtors breached their fiduciary duty to King , as majority shareholders and directors and officers of Meritel, in "<u>one or more</u>" of the following ways:

    a) By converting "<u>some or all</u>" of King's loans to Meritel to equity,

    b) By engaging in conflict of interest loans to themselves totaling over $80,000, without the approval of King,

    c) By paying themselves over $700,000 in salary and benefits while refusing to pay any salary or benefits to King,

    d) By failing to disclose the financial condition of Meritel to King and failing to provide financial records to King when requested, and

    e) By failing to hold regular meetings of the shareholders.

B. Bankruptcy Filing:

Debtors filed bankruptcy on March 13, 2014, staying the litigation in Circuit Court. King's claim is listed on Schedule F as "Litigation Claims" with a value of 0.00 and marked as unliquidated and disputed. Total unsecured claims are listed at $187,860.81. The Trustee filed an objection to confirmation on a number of grounds, and a motion to dismiss the case on the grounds that the Debtors' unsecured claims, when combined with what the Trustee argues is the liquidated part of King's claim against the Debtors, puts the Debtors above the threshold limitation of § 109(e). An adjourned confirmation hearing was held on June 24, 2014. I took the matter of eligibility under § 109(e) under advisement, giving the Trustee and the Debtors additional time to file memoranda on that issue.

## DISCUSSION

*Section 109(e)*

"Only an individual with regular income [or an individual and such individual's spouse] that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525 . . . may be a debtor under chapter 13 of this title."

*Liquidated*

A debt is liquidated if "the amount of the debt is readily determinable." *In re Slack*, 187 F.3d 1070, 1073 (9th Cir. 1999). Ready determination depends on "whether the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by a computation." *In re Nicholes*, 184 B.R. 82, 89 (9th Cir. BAP 1995). "Whether a debt is subject to 'ready determination' depends on whether an extensive hearing is needed to determine the amount of the debt." *In re Ho*, 274 B.R. 867, 873 (9th Cir. BAP 2002). Generally, disputes as to the debtor's liability for a debt do not render a debt unliquidated unless the dispute precludes the ready determination of a debt." *Id.* at 875 (citing *Nicholes* at 90-91).

The Trustee argues that part of the claim against the Debtors in the Circuit Court case (Claim #4) is subject to ready determination, as it names as one of the grounds for the Debtors' breach of fiduciary duty the conversion of King's loan to Meritel into equity. Claims 1 and 2 of the complaint against Meritel state that

MEMORANDUM OPINION-3

amount to be $352,000. That combined with the Debtors' other liquidated unsecured claims of $187,860.81 puts the Debtors over the eligibility threshold of $383,175.

The result the Trustee argues for would be more plausible if the claim against the Debtors were for the personal liability of the Debtors for the debts of Meritel. That is not the case, however. The breach of fiduciary duty claim against the Debtors is not an alternative claim to the claims against Meritel. It is an additional claim to the Meritel claims adding to the overall judgment sought. It does not allege that the Debtors are liable to King in the amount of $352,000 because the corporation was a sham or that the Debtors breached their fiduciary duty and are liable in the amount of $352,000 for the tortious actions they took. Instead it states that Debtors breached their fiduciary duties to King in <u>at least one of the following ways</u>, and then lists five instances of alleged breach of duty. The first instance of possible breach alleges that the Debtors converted "<u>some or all</u>" of King's loan to equity. The claim against the Debtors is not liquidated because it is not readily determinable absent an extensive hearing or trial. As the complaint is written, the conversion of debt to equity may or may not even be part of the calculus of the breach of fiduciary duty claim. And if it is, the amount it may contribute to the claim is subject to dispute.

## CONCLUSION

The Court finds that the claim against the Debtors for breach of fiduciary duty is not liquidated. As such, the Debtors are eligible under § 109(e) to proceed in chapter 13. An order will be entered by the Court denying the Trustee's motion to dismiss.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

MEMORANDUM OPINION-4